**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS; PESTICIDE ACTION NETWORK NORTH AMERICA; NATURAL RESOURCES DEFENSE COUNCIL; CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION; FARMWORKERS ASSOCIATION OF FLORIDA; FARMWORKER JUSTICE GREENLATINOS; LABOR COUNCIL FOR LATIN AMERICAN ADVANCEMENT; LEARNING DISABILITIES ASSOCIATION OF AMERICA; NATIONAL HISPANIC MEDICAL ASSOCIATION; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; UNITED FARM WORKERS,<br>　　　　　　　*Petitioners*,<br><br>v.<br><br>ANDREW WHEELER, Administrator, United States Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY,<br>　　　　　　　*Respondents,* | No. 17-71636<br><br>Environmental Protection Agency |

STATE OF NEW YORK; STATE OF
MARYLAND; STATE OF VERMONT;

STATE OF WASHINGTON;
COMMONWEALTH OF
MASSACHUSETTS; DISTRICT OF
COLUMBIA; STATE OF CALIFORNIA;
STATE OF HAWAII,
*Intervenors.*

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS; PESTICIDE ACTION
NETWORK NORTH AMERICA;
NATURAL RESOURCES DEFENSE
COUNCIL; CALIFORNIA RURAL LEGAL
ASSISTANCE FOUNDATION;
FARMWORKERS ASSOCIATION OF
FLORIDA; FARMWORKER JUSTICE;
LABOR COUNCIL FOR LATIN
AMERICAN ADVANCEMENT;
LEARNING DISABILITIES ASSOCIATION
OF AMERICA; NATIONAL HISPANIC
MEDICAL ASSOCIATION; PINEROS Y
CAMPESINOS UNIDOS DEL NOROESTE;
UNITED FARM WORKERS;
GREENLATINOS,
*Petitioners*,

v.

ANDREW WHEELER, Administrator,
United States Environmental
Protection Agency; U.S.
ENVIRONMENTAL PROTECTION
AGENCY,
*Respondents.*

No. 19-71979

EPA No.
EPA-HQ-OPP-
2007-1005

| | |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF WASHINGTON; STATE OF MARYLAND; STATE OF VERMONT; COMMONWEALTH OF MASSACHUSETTS,<br><br>*Petitioners*,<br><br>v.<br><br>ANDREW WHEELER, Administrator, United States Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Respondents*. | No. 19-71982<br><br>EPA No. EPA-HQ-OPP-2007-1005<br><br><br>ORDER |

Filed October 16, 2019

Before: Sidney R. Thomas, Chief Judge, and M. Margaret McKeown, Kim McLane Wardlaw, Richard A. Paez, Carlos T. Bea, Morgan Christen, Jacqueline H. Nguyen, Paul J. Watford, John B. Owens, Michelle T. Friedland and Mark J. Bennett, Circuit Judges.

Order;
Dissent by Judge Bea

# SUMMARY[*]

## En Banc / Comeback Case

The en banc court voted to accept petitions filed in *League of United Latin American Citizens v. Wheeler*, No. 19-71979 ("*LULAC II*"), and *New York v. Wheeler*, No. 19-71982, as "comeback cases." The en banc court referred the cases to the three-judge panel that heard *League of United Latin American Citizens v. Wheeler*, No. 17-71636 ("*LULAC I*") for resolution on the merits. The en banc court retained jurisdiction over any subsequent en banc hearing arising out of any decision of the three-judge panel.

The en banc court granted respondents' motion to dismiss *LULAC I* because the Environmental Protection Agency's issuance of the Final Order Denying Objections to March 2017 Petition Denial Order, 84 Fed. Reg. 35,555 (Jul. 24, 2019), mooted the petition for review of the Order Denying the Petition to Revoke Tolerances, 82 Fed. Reg. 16,851 (Apr. 5, 2017).

Judge Bea, joined by Judge Bennett, dissented from the majority's order to the extent that it accepted as "comeback cases" petitions for review in case nos. 19-71979 and 19-71982, because the cases did not involve substantially the same issues as were properly presented to the en banc court. Judge Bea would assign the new petitions to a random three-judge panel through the normal process.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

We have been notified of the petitions filed in *League of United Latin American Citizens v. Wheeler*, No. 19-71979 ("*LULAC II*"), and *New York v. Wheeler*, No. 19-71982 ("*New York*"), and have voted to accept those cases as "comeback cases." *See* Ninth Circuit General Order 3.6(b). Pursuant to our comeback procedures, *see id.*, *LULAC II* and *New York* are **REFERRED** to the three-judge panel that heard *League of United Latin American Citizens v. Wheeler*, No. 17-71636 ("*LULAC I*") for resolution on the merits. This en banc panel will retain jurisdiction over any subsequent en banc hearing arising out of any decision of the three-judge panel.

Respondents' Motion to Dismiss *LULAC I* (Case No. 17-71636, Dkt. No. 174) is **GRANTED** because EPA's issuance of the Final Order Denying Objections to March 2017 Petition Denial Order, 84 Fed. Reg. 35,555 (July 24, 2019) mooted the petition for review of the Order Denying PANNA and NRDC's Petition to Revoke Tolerances, 82 Fed. Reg. 16,581 (Apr. 5, 2017).

Petitioners' Cross-Motion for Leave to File Amended Petition for Review (Case No. 17-71636, Dkt. No. 178) and Intervenors' Cross-Motion to Consolidate the Proceeding with a Newly-Filed Petition (Case No. 17-71636, Dkt. No. 177) are **DENIED as MOOT**.

The Motion to Consolidate that was filed in *New York* (No. 19-71982, Dkt. No. 2), which seeks to consolidate all three cases, is **DENIED as MOOT** as to consolidation with *LULAC I* and **GRANTED** as to consolidation between *LULAC II* and *New York*. Petitioners' Unopposed Motion to

Correct Caption to Include GreenLatinos, which was filed in
*LULAC II* (No. 19-71979, Dkt. No. 2), is **GRANTED**.

---

BEA, Circuit Judge, joined by BENNETT, Circuit Judge,
dissenting:

I respectfully dissent from the majority's order to the
extent that it accepts as "comeback cases" petitions for
review filed in *LULAC v. Wheeler*, No. 19-71979 ("*LULAC
II*") and *New York v. Wheeler*, No. 19-71982 ("*New York*"),
which do not involve substantially the same issues as were
properly presented to the en banc panel in this
jurisdictionally baseless—and now dismissed—petition for
review of a non-final agency action.

I

In this case, League of United Latin American Citizens,
Pesticide Action Network North America ("PANNA"),
Natural Resources Defense Council ("NRDC"), California
Rural Legal Assistance Foundation, Farmworkers
Association of Florida, Farmworker Justice GreenLatinos,
Labor Council for Latin American Advancement, Learning
Disabilities Association of America, National Hispanic
Medical Association, Pineros Y Campesinos Unidos del
Noroeste, and United Farm Workers (collectively,
"LULAC") petitioned for review of the Environmental
Protection Agency ("EPA")'s 2017 order denying a 2007
petition to revoke all tolerances for the pesticide
chlorpyrifos. *See* Chlorpyrifos; Order Denying PANNA and
NRDC's Petition to Revoke Tolerances, 82 Fed. Reg.

16,581, 16,583 (Apr. 5, 2017) ("Initial Denial Order").[1]  A majority of the original three-judge panel held that it had jurisdiction over and granted LULAC's petition for review. *LULAC v. Wheeler* ("*LULAC I*"), 899 F.3d 814, 821–26 (9th Cir. 2018).  Dissenting, Judge Fernandez explained why no such jurisdiction existed because the Initial Denial Order was not a final agency action.  *Id.* at 830–33.

A majority of nonrecused active judges subsequently voted that this case be reheard en banc.  Order, *LULAC v. Wheeler*, No. 17-71636 (Feb. 6, 2019), ECF No. 145.  A central question for the en banc panel was whether the three-judge panel had statutory subject matter jurisdiction to review the EPA's Initial Denial Order.  But the en banc panel never decided that question.  Instead, because the EPA "conceded at oral argument that we may consider LULAC's request as a Petition for a Writ of Mandamus, and it had a full opportunity to respond . . . . we exercise[d] our discretion to construe the opening brief as a request for mandamus relief" and granted the Petition for a Writ of Mandamus.  Order at 6, *LULAC v. Wheeler*, No. 17-71636 (Apr. 19, 2019), ECF No. 171.  We accordingly ordered the EPA "to issue, no later than 90 days after the filing of [the mandamus] order, a full and final decision on LULAC's objections."  *Id.*  Our mandamus order stated that we would "retain jurisdiction over this and any related cases."  *Id.* at 7.

Exactly 90 days later, the EPA complied with our mandamus order and issued its Final Denial Order.  *See*

---

[1] The States of New York, Maryland, Vermont, Washington, California, and Hawaii, as well as the Commonwealth of Massachusetts and the District of Columbia (collectively, "States"), intervened in support of LULAC's petition.

Chlorpyrifos; Final Order Denying Objections to March 2017 Petition Denial Order, 84 Fed. Reg. 35,555 (Jul. 24, 2019) ("Final Denial Order"). Following the Final Denial Order's issuance, LULAC and the State-Intervenors[2] filed new petitions for review. *See LULAC v. Wheeler*, No. 19-71979; *New York v. Wheeler*, No. 19-71982.

Now pending in this case is (1) the EPA's Motion to Dismiss this case as moot, *see* ECF No. 174; (2) LULAC's Cross-Motion for Leave to File Amended Petition for Review in this case, to add a petition for review of the Final Denial Order, *see* ECF No. 178; and (3) Intervenors' Cross-Motion to Consolidate this case with *New York v. Wheeler*, No. 19-71982, *see* ECF No. 177. Separately pending is a Motion to Consolidate filed in *New York*, which seeks to consolidate all three cases, *see* No. 19-71982, ECF No. 2.

II

As explained in Judge Fernandez's well-reasoned dissent to the three-judge panel's opinion granting LULAC's petition for review of the EPA's Initial Denial Order, there was no subject matter jurisdiction grant by the relevant statute for the three-judge panel to review the Initial Denial Order. Neither, I would submit, would the en banc panel have had such jurisdiction. Not until the EPA overruled LULAC's objections to the Initial Denial Order and issued its Final Denial Order on July 18, 2019 did an order exist over which the relevant statute made petition for review available in our Court.

---

[2] The State of Hawaii and the District of Columbia did not initially join the States' petition for review of the Final Denial Order, but have since moved to intervene in that action, as has the State of Oregon. *See New York v. Wheeler*, No. 19-71982, ECF Nos. 13, 15, 18.

When the EPA issued that Final Denial Order, the jurisdictionally baseless appeal from the Initial Denial Order became moot, as the majority recognizes in granting the EPA's motion to dismiss *LULAC I* as moot. Although I agree that dismissing the original petition as moot is the right start, I respectfully disagree with the majority's decision to accept the petitions for review of the Final Denial Order as comeback cases, which is a necessary first step for the en banc panel to then refer the new petitions to the original three-judge panel under Ninth Circuit General Order 3.6(b).

Ninth Circuit General Order 1.12 describes "Comeback Cases" as "subsequent appeals or petitions from a district court case or agency proceeding involving substantially the same parties and issues from which there previously had been a calendared appeal or petition." And the underlying rationale for taking a case as a comeback is that a panel has some special insight into the new appeal or petition based on dealing with the merits of substantially similar issues that were properly presented in a previous appeal or petition. To characterize the new petitions as comeback cases then, we would need to find that properly presented issues in the new petitions are "substantially the same" as properly presented issues in LULAC's petition for review of the Initial Denial Order (the merits of which we never considered in *LULAC I*), and that we thus have special insight into the properly presented issues in the new petitions for purposes of reviewing them. In my view, the new petitions do not involve substantially similar issues and we have no such special insight. The only properly presented issue before the en banc panel in *LULAC I* was whether the Court had jurisdiction to review the Initial Denial Order (aside from the request for mandamus relief we construed into LULAC's opening brief). Lacking jurisdiction to reach the merits of

the Initial Denial Order, there is nothing substantially the same between *LULAC I* and the new petitions.

It is also worth highlighting that we have no special insight into the petitions for review of the Final Denial Order based on taking *LULAC I* en banc and then never reaching the merits of the case.  Even looking past *LULAC I*'s jurisdictional defect, the EPA presented no argument on the merits in *LULAC I*, which the three-judge panel took as "the EPA [having] forfeited any merits-based argument," and "effectively conceding its lawlessness."  *LULAC I*, 899 F.3d at 827–29.  It is probably safe to assume the EPA will present merits-based arguments in response to the petitions for review of the Final Denial Order, which the proper reviewing panel will need to consider.

More important, even setting aside that the EPA presented no merits-based arguments in *LULAC I*, the EPA's stated justifications for its Final Denial Order appear to present different issues than the EPA's stated justifications for its Initial Denial Order.  *See* LULAC's Cross-Motion for Leave to File Amended Petition, ECF No. 178 at 4 (conceding that the Final Denial Order "adds two new legal arguments").  Even LULAC characterizes its petition for review of the Final Denial Order as involving "new arguments."  *Id.* at 5.  Given that the EPA's stated justifications for the Final Denial Order are not substantially the same as the EPA's stated justifications for the Initial Denial Order (review of which was neither properly presented nor considered by the en banc panel), there is an added reason why it is not proper to treat the new petitions as comeback cases.

To the extent that the majority construes our mandamus order's statement that we would "retain jurisdiction over this and any related cases" as meaning that we would accept as

comeback cases any future dispute between the parties over chlorpyrifos, I respectfully disagree. At the time the order to "retain jurisdiction" was entered, the sole dispute was whether the three-judge panel had jurisdiction to review the Initial Denial Order or to order a mandamus remedy. What "jurisdiction" were we thus retaining by the quoted statement? It was not jurisdiction over the merits of the action, because neither the three-judge panel nor the en banc panel had jurisdiction to review the merits of a petition for review of an Initial (rather than Final) Denial Order. And any retained jurisdiction over LULAC's request for mandamus relief was mooted when LULAC received that relief by way of the EPA's issuance of the Final Denial Order.

I submit that the only remaining retained jurisdiction was jurisdiction to determine whether we did have jurisdiction, which federal courts always have. *See Special Invs. Inc. v. Aero Air Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). Any retention of jurisdiction to decide improperly presented issues, such as jurisdiction over the merits—and any retention of jurisdiction over future petitions that do not involve substantially the same issues—would thus have been improvidently granted.

From my perspective, given that a majority of the en banc panel agrees to dismiss this case as moot, and that the two petitions for review of the Final Denial Order (*LULAC II* and *New York*) do not involve substantially the same issues as were properly presented to the en banc panel in *LULAC I*, we should decline to accept the new petitions as comeback cases. The new petitions should be assigned to a random three-judge panel through the normal process.

This is all to say that I disagree with the majority's approach of treating jurisdictionally proper petitions for

review of an EPA Final Denial Order as involving substantially the same issues as a jurisdictionally baseless petition for review of an EPA Initial Denial Order, especially when the EPA's justifications for the Final Denial Order differ materially from the agency's justifications for the Initial Denial Order. As the majority agrees, the proper course is for us to grant the EPA's motion to dismiss this case as moot and deny as moot (1) LULAC's Cross-Motion for Leave to File Amended Petition for Review, and (2) Intervenors' Cross Motion to Consolidate the Proceeding with a Newly-Filed Petition. In my view, however, we should decline to accept the petitions for review filed in *LULAC II* and *New York* as "comeback cases," and in turn decline to decide any motions pending in those cases.